**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

WENONAH CARNEY
765 Martingale Road
Schwenksville, PA 19473

*individually and on behalf of all others similarly situation*

Plaintiff,

v.

TRAVELERS AID SOCIETY OF PHILADELPHIA
d/b/a FAMILIES FORWARD PHILADELPHIA
111 N 49th Street
Philadelphia, PA 19139

Defendant.

CIVIL ACTION NO. ____________

**JURY TRIAL DEMANDED**

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Wenonah Carney ("Plaintiff"), individually and on behalf of all others similarly situated, hereby brings this action against Defendant Travelers Aid Society of Philadelphia d/b/a Families Forward Philadelphia ("Defendant") and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint on behalf of herself and others similarly situated contending that Defendant has improperly failed to pay overtime compensation to its Full-Time Case Managers pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2. Plaintiff is a former employee of Defendant where she worked as a Full-Time Case Manager. During the course of her employment, Plaintiff, and upon information and belief, all other Full-Time Case Managers were classified by Defendant as "exempt" from the overtime requirements of the FLSA and PMWA and were supposed to be compensated on a salary basis.

3. However, Defendant maintained an "actual policy and practice" of making unlawful deductions under the FLSA/PMWA, whereby Plaintiff, and, upon information and belief, all other similarly-situated Full-Time Case Managers, were/are docked from their accrued paid time off, or, if no paid leave is available, from their pay, for any shortfall between their reported work hours and the minimum seventy-five (75) hours Defendant requires they work each biweekly pay period.

4. Due to Defendant's aforesaid unlawful payroll practices, Plaintiff, and, upon information and belief, other similarly-situated Full-Time Case Managers, were not compensated on a bona fide "salary basis" under the FLSA and PMWA.

5. As a result, Plaintiff, and upon information and belief, all other similarly-situated Full-Time Case Managers, are/were not eligible for the exemptions for executive, administrative, or professional employees under the FLSA and PMWA.

6. Plaintiff, and, upon information and belief, all other similarly-situated Full-Time Case Managers, were misclassified as exempt under the FLSA and PMWA, and thus were denied overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

7. Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable an ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

9. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal law claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

**PARTIES**

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. Plaintiff Wenonah Carney is a citizen of the United States with a current address of 765 Martingale Road, Schwenksville, PA 19473.

14. Upon information and belief, Defendant Travelers Aid Society of Philadelphia d/b/a Families Forward Philadelphia is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business and office address registered with the Pennsylvania Secretary of State at 111 N 49th Street, Philadelphia, PA 19139.

15. Defendant is a "private employer" and covered by the FLSA.

16. Plaintiff is a former employee of Defendant within the meaning of the FLSA and PMWA and, as such, is entitled to the protections of those statutes.

17. At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

20. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Full-Time Case Manager who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

21. Plaintiff estimates that there are approximately twenty (20) Full-Time Case Managers who either were or are working for Defendant and were unlawfully denied overtime compensation for hours worked in excess of forty (40) in a workweek. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the class members are similarly situated. Plaintiff and other similarly situated

employees were similarly not paid an overtime premium for hours worked in excess of forty (40) in a workweek, had the same job classification and/or job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Class Plaintiffs an overtime premium for all hours worked over forty (40) hours in a workweek, have affected Plaintiff and Class Plaintiffs in the same fashion.

23. Plaintiff will request that the Court authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

24. Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

25. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant Travelers Aid Society of Philadelphia d/b/a Families Forward Philadelphia at any point during the past three (3) years in the position of Full-Time Case Manager who were denied overtime compensation for work performed in excess of forty (40) hours in a workweek ("Class Plaintiffs").

26. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

27. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B. Whether Defendant was required to count the work performed by Plaintiff and the Class outside their nominally scheduled hours toward their total hours worked for purposes of calculating overtime compensation under the PMWA;

C. Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

D. Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

E. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount;

F. Whether Defendant has and/or had an "actual practice" of making improper deductions from Plaintiff's and Class Plaintiffs' salary under the PMWA; and

G. Whether Plaintiff and the Class were misclassified as "exempt" from overtime compensation under the PMWA.

28. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Full-Time Case Manager who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

29. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

30. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

31. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B. Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of

individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

**FACTUAL BACKGROUND**

33. Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34. Plaintiff was initially hired by Defendant as a Full-Time Case Manager in July 2013.

35. Plaintiff's primary job duties, and, upon information and belief, those of Defendant's other Full-Time Case Managers, were/are the provision of social services to individuals experiencing or at risk of recidivating into homelessness, including helping Defendant's clients secure permanent supportive housing within the community, develop life and/or job skills, and obtain financial planning and childhood education.

36. Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instructs Plaintiff and Class Plaintiffs where and when to report to work.

37. Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant, which act to restrict Plaintiff's and Class Plaintiffs' discretion in the performance of their tasks.

38. When Plaintiff first began her employment with Defendant, she was provided with an employee handbook which, among other things, outlined the method by which she, and other Full-Time Case Managers, would be compensated.

39. In this regard, Section 15 of Defendant's Employee Handbook, which is entitled "Compensatory Scheduling," states, "Employees exempt from the provisions of the Fair Labor Standards Act (FLSA) are generally expected to work at least full-time during regular business hours. In all cases, exempt employees are expected to work a minimum of 75 hours during a two-week pay period **or expend leave time to total a minimum of 75 hours during a pay period.**" (emphasis added)

40. Pursuant to the employment handbook and Defendant's policies and practices, Plaintiff, and upon information and belief, all other similarly situated Full-Time Case Managers employed by Defendant, were subject to deductions from their PTO and/or pay for any bi-weekly period in which they reported less than seventy-five (75) hours of work.

41. In this regard, during any such pay period, Defendant's policy and practice was to dock Plaintiff and, upon information and belief, Class Plaintiffs PTO time in fifteen (15) minute increments for time reported below the seventy-five (75) hour minimum.

42. Furthermore, in the event that Plaintiff or Class Plaintiffs did not have sufficient PTO time to cover the "gap" between their reported hours and the seventy-five (75) hour minimum, Defendant would deduct the difference from their pay, again in increments of fifteen (15) minutes.

43. The pay deduction policy utilized by Defendant and articulated in its employee handbook constitutes a "clear and particularized policy" which effectively communicates that

deductions will be made in specific circumstances disallowed under the FLSA and PMWA, including for absences shorter than one full day.

44. An employer is not entitled to claim any exemption under the FLSA or PMWA requiring the payment of compensation on a salary basis if said employer has an "actual practice" of making improper deductions from salary.

45. Upon information and belief, in addition to maintaining the "clear and particularized policy" of unlawful deductions described above, Defendant did in fact make such deductions from the pay of Plaintiff and other similarly-situated Full-Time Case Managers.

46. As a result of Defendant's actual practice of making unlawful pay deductions under the FLSA and PMWA, Plaintiff and Class Plaintiffs were not compensated on a bona fide salary basis.

47. Rather, Plaintiff and Class Plaintiffs were treated as salaried employees only when doing so favored Defendant (i.e. during work periods in which they worked or exceeded the specified "minimum" hour threshold) and were otherwise effectively treated as hourly employees.

48. Although Plaintiff's, and, upon information and belief, Class Plaintiffs', scheduled work hours were nominally Monday through Friday for approximately forty (40) hours per week, Plaintiffs and Class Plaintiffs were/are generally required to spend several additional hours each day filling out paperwork, completing progress notes, and fielding work-related phone calls, emails, and text messages, in order to comply with Defendant's expectations.

49. As a result, during a typical workweek, Plaintiff – and, upon information and belief, Class Plaintiffs – performed, on average, approximately five (5) hours of additional work in addition to their scheduled forty (40) hour shifts. Accordingly, Plaintiff, and, upon

information and belief, Class Plaintiffs, typically worked, on average, approximately forty-five (45) hours per week.

50. By way of example, during the work period of December 10, 2018 to December 23, 2018, Plaintiff worked at least eighty-eight (88) hours, when including all the additional, off-the-clock work she performed, but was only able to report seventy-eight (78) work hours.

51. Nevertheless, Plaintiff did not receive any additional compensation for the three (3) hours reported beyond Defendant's seventy-five (75) hour minimum, let alone for the approximately eight (8) hours of overtime she worked.

52. Despite working, on average, at least five (5) hours of overtime per week, Plaintiff did not receive any overtime compensation.

53. Plaintiff, and upon information and belief, other similarly-situated Full-Time Case Managers employed by Defendant, regularly worked in excess of forty (40) hours per week.

54. Defendant had knowledge that Plaintiff, and, upon information and belief, other similarly-situated Full-Time Case Managers, were performing work beyond their scheduled shift.

55. Indeed, Plaintiff was directed by Defendant's management, that she, and, upon information and belief, other similarly-situated Full-Time Case Managers employed by Defendant, were not to track hours of work performed when fielding work-related emails, phone calls, and text messages beyond their normal scheduled hours. Thus, Plaintiff, and, upon information and belief, other similarly-situated Full-Time Case Managers were forced to work outside of their regular scheduled hours without compensation.

56. As a result of Defendant's actual practice of making unlawful deductions under the FLSA/PMWA, Plaintiff and Class Plaintiffs were not compensated on a bona fide salary basis, nor were they compensated on a fee basis within the meaning of the FLSA/PMWA.

57. Accordingly, Plaintiff and Class Plaintiffs did/do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

58. Plaintiff, and, upon information and belief, Class Plaintiffs did/do not have the authority to hire, fire, or discipline other employees of Defendant, nor did/do they make recommendations with respect to employee status changes to which Defendant lends substantial weight.

59. As a result, Plaintiff and Class Plaintiffs did/do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

60. Plaintiff and Class Plaintiffs did/do not perform work directly related to Defendant's management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendant.

61. Accordingly, Plaintiff and Class Plaintiffs did/do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

62. Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work. Rather, Plaintiff and Class Plaintiffs are required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

63. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

64. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

65. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

66. As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

67. Paragraphs 1 through 66 are hereby incorporated by reference as though the same were full set forth at length herein.

68. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

69. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

70. Defendant had and maintained an actual practice of making unlawful deductions from the salary of Plaintiff and Class Plaintiffs in violation of the FLSA. As a result, Defendant was not entitled to claim the executive, administrative, or professional exemptions from overtime in order to avoid paying overtime to Plaintiff and Class Plaintiffs.

71. As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

72. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

73. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

74. Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant Travelers Aid Society of Philadelphia d/b/a Families Forward Philadelphia during the last three (3) years in the position of Full-Time Case Manager who were denied overtime compensation for work performed in excess of forty (40) hours in a workweek ("Class Plaintiffs") and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J. For all additional general and equitable relief to which Plaintiffs and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

75. Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

77. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

78. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

79. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class Plaintiffs, pray for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: Michael Groh
Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
*Attorneys for Plaintiffs*

Dated: August 8, 2019

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.